UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. POTTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:23-CV-1511 RLW |
| | ) |
| ST. CHARLES COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Plaintiff Christopher J. Potter, an inmate currently housed at the South Central Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $44.85. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss this action for failure to state a claim and legal frivolity.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion for leave to commence this civil action without prepayment of the required filing fee, Plaintiff submitted a certified copy of his inmate account statement. ECF No. 4. A review of plaintiff's account indicates an average monthly deposit of $150.42 and an average monthly balance of $224.24. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $44.85, which is 20 percent of plaintiff's average monthly balance.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Self-represented plaintiff Christopher J. Potter is an inmate at South Central Correctional Center in Licking, Missouri. Plaintiff filed the instant action on the Court's "Civil Complaint" form. ECF No. 1. Under the section designated to state his basis for federal jurisdiction, plaintiff indicates he is bringing this action pursuant to 42 U.S.C. § 1985 for "[c]onspiracy to wrongfully [p]rosecute and obtain a wrongful conviction." *Id.* at 6. He also asserts he is bringing claims for defamation, prosecutorial misconduct, retaliation, and emotional distress. *Id.*

Plaintiff names ten defendants: (1) St. Charles County, (2) St. Charles County Prosecuting Attorney Office; (3) St. Charles County Counselor's Office; (4) Timothy Lohmar, St. Charles County Prosecutor; (5) Traci Johnson, Administrative Assistant for St. Charles County; (6) Robert E. Hoeynck, St. Charles County Counselor; (7) M. Grawitch, St. Charles County Investigator; (8) Scott Stork, Assistant Prosecutor for St. Charles County; (9) Katie Rickerson, Administrative Assistant for St. Charles County Prosecutor's Office; and (10) Superior Towing and Recovery. *Id.* at 2-5.

Plaintiff's Statement of Claim is approximately 12 pages, single-spaced, and presented in a narrative format.[1] *Id.* at 9-21. Plaintiff refers to two separate criminal actions in which he was a defendant. As to the first case, *State v. Potter*, No. 1011-CR04149-01 (11th Jud. Cir., St. Charles Cnty., 2010), plaintiff argues he was innocent of the forgery charge and the County defendants "committed the acts of Conspiracy to wrongfully and/or unlawfully prosecute Plaintiff for criminal Forgery by mailing Plaintiff a Nolle Prosequi Memorandum in hopes of Plaintiff using such a document in any manner, such as a Court proceeding" in order "to accuse Plaintiff of Forgery, for the reason to destroy Plaintiff[']s credibility in the Circuit Court[.]" *Id.* at 16. Plaintiff appears to be asserting that some portion of the Nolle Prosequi Memorandum was actually forged by the County defendants and given to him as a set-up when he made a public records request.

The second criminal action, *State v. Potter*, No. 1611-CR03563-01 (11th Jud. Cir., St. Charles Cnty., 2016), involves a motor vehicle accident in which he asserts he was wrongfully prosecuted for first-degree assault, leaving the scene of a motor vehicle accident, and first-degree property damage. Plaintiff appears to argue he is innocent because he was not the driver of the vehicle or a passenger. He further contends the County defendants and Superior Towing and Recovery are inappropriately withholding his vehicle and "purposefully and knowingly withholding discovery that would and will prove [his] actual innocence." *Id.* at 19.

For relief, plaintiff asks this Court to order the County defendants to "dismiss with prejudice" Case No. 1011-CR04149-01, to file a motion to vacate and set aside Case No. 1611-CR03563-01, to pay approximately $8 million dollars in monetary damages, and to return his vehicle to his parents. ECF No. 1 at 21.

---

[1] Although the Court's form complaint clearly directs plaintiff to "not make legal arguments, or cite court cases or statutes," *see* ECF No. 1 at 8, he disregards the instructions and includes a seven-page "Memorandum of Law in Support of Plaintiffs' Claim's." ECF No. 2. The Memorandum primarily argues the defendants should not be entitled to immunity because of alleged prosecutorial misconduct. *Id.*

**Discussion**

Plaintiff's complaint indicates he is bringing this action pursuant to 42 U.S.C. § 1985 for "conspiracy to wrongfully prosecute and obtain a wrongful conviction." ECF No. 1 at 6. Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights.

To state a claim for conspiracy under 42 U.S.C. § 1985, a plaintiff must allege: "(1) the defendants conspired, (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, that (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy, and (4) as a result, another was injured in his person or property or deprived of having and exercising any vital privilege of a citizen." *Rollen v. Coates*, No. 2:08-CV-34-JCH, 2009 WL 2391970, at *2-3 (E.D. Mo. Aug. 3, 2009) (quoting *Criswell v. City of O'Fallon, Mo.*, No. 4:06-CV-1565-ERW, 2007 WL 1760744, at *5 (E.D. Mo. June 15, 2007)).

To satisfy the first element, a plaintiff must allege the defendants "did conspire," that is, allege that an agreement existed between the defendants in the conspiracy. *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir.1996). In general, a § 1985 conspiracy claim must be "allege[d] with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1077 (8th Cir. 2016) (citations omitted). Further, to maintain an action under 42 U.S.C. § 1985(3), a plaintiff must allege "that the conspiracy is fueled by some 'class-based, invidiously discriminatory animus.'" *Id.* (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)); *see also Dornheim v. Sholes*, 430 F.3d 919, 924 (8th Cir. 2005) (explaining the purpose of the animus requirement was to prevent 42 U.S.C. § 1985(3) from becoming a general federal tort law); *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983) (to establish a claim under § 1985, plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2)

defendants' actions were motivated by racial animus or some other type of class-based discrimination).

Here, plaintiff's conclusory allegations are insufficient to support a § 1985 conspiracy claim among the employees of the County's Counselor's Office, Prosecutor's Office, and a private towing company. *See Nelson v. City of McGehee*, 876 F.2d 56, 59 (8th Cir. 1989) (allegations of conspiracy must be pleaded with sufficient specificity and factual support to suggest defendants had meeting of minds directed toward unconstitutional action). Moreover, nothing in the complaint indicates that the defendants were motivated by purposeful discrimination. Plaintiff's failure to allege a racial or class-based animus serves as a sufficient basis to dismiss plaintiff's 42 U.S.C. § 1985 claim.

In addition, plaintiff's requests for relief are not appropriate. Plaintiff asks this Court to order the prosecutor defendants to dismiss the two state criminal actions against him and to return his vehicle to his parents. Upon review of Case.net, Missouri's online state court docketing system, both criminal cases have been adjudicated and plaintiff has been sentenced.[2] Under the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to review state court decisions. *See Dodson v. Univ. of Ark. for Med. Sci.*, 601 F.3d 750, 754 (8th Cir. 2010); *see also* 13D C. Wright & A. Miller, *Federal Practice and Procedure* § 3573.2 (3d ed.). Similarly, this Court does not have any authority to compel a state prosecutor to do anything. *See e.g.*, *McAfee v. Missouri*, No. 1:22-CV-00161-SRW, 2023 WL 2162110, at *5 (E.D. Mo. Feb. 22, 2023), *aff'd*, No. 23-1583, 2023 WL 6237131 (8th Cir. May 26, 2023) ("Court does not have either existing or potential jurisdiction over state proceedings, and cannot direct a state judicial officer in the performance of his or her duties.").

---

[2] *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Plaintiff also brings claims for defamation, prosecutorial misconduct, retaliation, and emotional distress. ECF No. 1 at 6. Because plaintiff's allegations fail to state a § 1985 claim, the Court will not assert jurisdiction over any alleged supplemental state-law claims.

### Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. ECF No. 5. The motion will be denied as moot as this action is being dismissed without prejudice. *See* 28 U.S.C § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $44.85 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 5] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of January, 2024.